Allen vs. Hutchinson.

RYAN, C. J., took no part.

---

## ALLEN vs. HUTCHINSON.

APPEAL TO SUPREME COURT. *(1) Effect of general exception to findings or conclusions. (2) When findings reviewable.*

EVIDENCE. *(3, 4) Action to reform lease: what evidence admissible to show intention of the parties.*

1. A general exception to the findings of fact or conclusions of law, is of no avail where any one of such findings or conclusions is unobjectionable.
2. The objection that the findings of fact are contrary to the evidence, cannot be considered where the bill of exceptions does not purport to contain all the evidence.

3. Action by lessor against lessee to correct a mistake in the drawing of the lease, so that after the words " Allen's farm, half a mile south of Allen's grove," instead of the words " containing 200 acres," it should read, " containing 150 acres, together with 50 acres lying north of said grove." Plaintiff, testifying in his own behalf, was asked whether he had used the 50 acres north of the grove as part of his farm; whether there was pasture upon the 150 acres sufficient for the stock that by the terms of the lease was to be put upon it; what the character of the 50 acres was; and what amount of stock of various kinds was kept thereon at the time the lease was made. The object of the evidence was to show that both parties, when making the contract, understood that the 50 acres north of the grove was a part of the 200-acre farm to be leased, and was necessary as pasture land for the stock which the lease required to be kept on the farm. *Held*, that the evidence was properly admitted.

4. There was no error in ruling out testimony of the defendant in his own behalf to the effect that he *understood* from plaintiff's remarks, made just before the lease was executed, that a certain other forty-acre tract (not belonging in fact to plaintiff) was included in the 200 acres; that he was *led to believe*, by plaintiff's statements, that the latter owned said forty; and that he (witness) *would not have signed* the contract if it had been drawn as plaintiff claims it should have been.

APPEAL from the Circuit Court for *Walworth* County.

Action to reform a lease. The case is sufficiently stated in the opinion. Defendant appealed from a judgment for plaintiff.

For the appellant, a brief was filed by *R. R. & S. W. Menzie*, and the cause was argued orally by *R. R. Menzie*.

*H. S. Winsor*, for the respondent.

ORTON, J. This action is brought to correct a mistake in the drawing of a lease, in the locality and description of the premises, and to make the language, " Allen's farm, half a mile south of Allen's grove, containing 200 acres," read in effect, " Allen's farm, half a mile south of Allen's grove, containing 150 acres, together with 50 acres lying north of said grove."

It does not appear by the bill of exceptions that it contains all of the evidence, and therefore the objection that the findings of fact are contrary to the evidence, cannot be considered upon this appeal. There being but one general exception, " that the finding, decision and judgment are against law," it

is only necessary to say that the conclusions of law appear to be strictly consequent upon the findings of fact.

A general exception to findings of fact, or conclusions of law, where any one of them is unobjectionable, is not available. *Taft v. Kessel,* 16 Wis., 274; *Dean v. The C. & N. W. Railway Co.,* 43 id., 305, and many other cases decided by this court.

The only questions cognizable upon this appeal are those raised by the admission ·and rejection of evidence offered on the trial.

The following questions, propounded by the respondent's counsel, and objected to, and allowed to be answered, as they all appear to rest upon the same grounds of admissibility, will be considered together. 1st. "Have you used that [the 50 acres lying north of Allen's grove] as part of your farm?" 2d. "Was there pasture sufficient upon the 150 acres for the stock that was to be put upon there, and your sheep and your cows?" 3d. "Do you know the pasture [the 50 acres], what the character of it was?" 4th. "Tell the court what the character of that 40 is." 5th. "How many [cows, heifers and horses are kept] on the slough pasture up north?"

The object of these questions is expressed in the answer of the respondent as a witness to the first one. "I told him [the appellant] my pasture of 50 acres was north a mile and one-half from the farm. At the time, my young stock and colts were on the 50 acres, and 16 to 18 head of young cattle." The object seems to have been to show that both parties, at the time of making the contract, understood that the 50 acres north of the grove was a part of the 200-acre farm; that it was necessary as pasture land for the stock, which by the lease was to be kept upon the farm; that there was no other pasture land sufficient; and that it was used at the time for such purpose; and further to show, generally, the situation and the character of the farm within the knowledge of the appellant; the intention of the parties to the contract, in respect to the subject matter thereof; and whether there was a mistake in the particular charged. For such a purpose, all these questions

were pertinent and admissible.  *Newton v. Holley*, 6 Wis., 592; *Lake v. Meacham*, 13 id., 355; *Fery v. Pfeiffer*, 18 id., 510; *Ledyard v. Hartford F. Ins. Co.*, 24 id., 496; *Wells v. Ogden*, 30 id., 637.

The following questions, propounded by the appellant's counsel, and objected to, and decided to be improper and ruled out by the circuit court, may also be considered together, as being of the same character.  1st.  " I propose to show that [defendant] *understood* from plaintiff's remarks, that the other 40, which they had passed over, was included in the 200 acres." 2d.  "*Were you led to believe*, by plaintiff's statements, that he owned the 40 acres as well as the others?"[1]   3d.  "*Would you have signed* the contract if it had been drawn different from what it is, that is, so far as the locality of the land is concerned?"   4th.  "If that contract had been drawn out and expressed fifty acres of land one and one-half miles north of Allen's grove, or three-fourths of a mile north, *would you have entered into the contract?* "

All these questions ask for the mere opinions and conclusions of the appellant, and were most clearly objectionable.· 1 Greenl. Ev., §§ 440, 441.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.

---

[1] The first and second questions refer to a forty-acre tract (not the property of plaintiff), immediately adjoining the 150-acre tract which is situate half a mile south of Allen's grove. — REP.